UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLAIRE DEES,

        Appellant,

    v.

NEW REZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING as servicer
for THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF NEW
YORK as trustee for THE CWALT,
INC., ALTERNATIVE LOAN
TRUST 2005-51M MORTGAGE
PASS THROUGH CERTIFICATES,
SERIES 2005-51,

        Appellee.

CIVIL ACTION NO.
1:21-CV-3475-JPB

## ORDER

This matter comes before the Court on Appellee's Motion for Attorney's
Fees and Costs [Doc. 25] and Appellant's Motion for Reconsideration of Final
Order and Attorney's Fees [Doc. 36].  This Court finds as follows:

## BACKGROUND

This matter originates from the appeal of an order of the Georgia
Bankruptcy Court.  On July 29, 2022, the Court affirmed the Georgia Bankruptcy
Court's decision and addressed various other motions.  See [Doc. 23].  The Court
also granted Appellee's Motion for Sanctions and Attorney's Fees and Costs as

Damages for Appellant's Frivolous Appeal and ordered Appellee to file documentation of fees and costs.  Id. at 22.  The Court directed that any response to such documentation should be "limited to addressing only the reasonableness of the attorney's fees and costs" and explained that other arguments would not be considered by the Court.  Id.

Appellee filed a Motion for Attorney's Fees and Costs on August 5, 2022. [Doc. 25].  Appellant sought an extension of time to respond to the Motion for Attorney's Fees, [Doc. 28], which the Court granted, permitting Appellant to file a response no later than September 22, 2022, [Doc. 31].  Appellant failed to respond to the Motion.  Instead, on September 21, 2022, Appellant filed a Motion for Reconsideration of Final Order and Attorney's Fees.[1]  [Doc. 36].  The Court will address the Motion for Attorney's Fees and the Motion for Reconsideration in turn.

## MOTION FOR ATTORNEY'S FEES

A party seeking an award of attorney's fees bears the burden of documenting the appropriate hours and hourly rate.  Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000).  Courts in the Eleventh

---

[1] On September 21, 2022, Appellant also filed a Notice of Appeal of the Court's July 29, 2022 Order.  [Doc. 33].  The Eleventh Circuit Court of Appeals dismissed the appeal for want of prosecution on November 29, 2022.  [Doc. 41].

Circuit employ the "lodestar" approach to set reasonable fee awards.  See Loranger

v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  Under this approach, the "starting

point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate."

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The "lodestar" amount "may then

be adjusted for the results obtained."  Loranger, 10 F.3d at 781.

In this case, Appellee seeks $6,600 in attorney's fees and $150 in costs.[2]

This amount represents twenty-four hours of work performed by one timekeeper,

Seth Greenhill, at an hourly rate of $275.00.  The Court must determine both the

reasonableness of the hourly rate and of the number of hours expended.

As to the hourly rate, Mr. Greenhill is employed by Padgett Law Group as a

bankruptcy attorney and is counsel of record for Appellee.  [Doc. 25-1, p. 1].  He

has been admitted to practice law since 2012 and focuses his practice on

representing secured creditors.  Id.  The hourly rate requested by Mr. Greenhill is

---

[2] Although Appellant failed to file a direct response to the Motion for Attorney's Fees,
she responds in part to that motion within the Motion for Reconsideration.  For example,
Appellant argues in the Motion for Reconsideration that Appellee seeks attorney's fees
"without any basis in law to do so."  [Doc. 36, p. 1].  To the contrary, this Court's July
29, 2022 Order provided an express basis for the imposition of attorney's fees as a
sanction under Rule 8020 of the Federal Rules of Bankruptcy Procedure.  [Doc. 23, pp.
10, 16].  The Court has reviewed the remaining arguments about attorney's fees in the
Motion for Reconsideration and found them either frivolous or without merit.

his customary fee and is the prevailing rate used by his employer and by competitors for matters of this nature.  [Doc. 25, p. 2].  Based on this information, the Court finds that the requested hourly rate is reasonable.  See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.").

The Court also finds that the number of hours expended in this matter was reasonable and, further, that Appellee provided sufficient documentation of those hours.  See N.D. Ga. Civ. R. 54.2(A)(2) (requiring a motion for attorney's fees to include "detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation").  Appellee substantiated the Motion for Attorney's Fees with a declaration, [Doc. 25-1], and billing records, [Doc. 25-2].  The billing records show that Mr. Greenhill billed twenty hours in the course of this litigation, [Doc. 25-2, pp. 1–2], and four hours in the preparation of the instant Motion, [Doc. 25-1, p. 2], for a total of twenty-four hours.  Having determined that the hourly rate ($275) and hours expended (twenty-four) are reasonable, the Court grants the Motion for Attorney's Fees and awards

Appellee the lodestar amount of $6,600, in addition to $150 in costs, for a total award of $6,750.

## MOTION FOR RECONSIDERATION

Motions for reconsideration are not to be filed "as a matter of routine practice" but only when "absolutely necessary."  N.D. Ga. Civ. R. 7.2(E).  Such motions must be filed no later than twenty-eight days after entry of the order or judgment at issue.  See N.D. Ga. Civ. R. 7.2(E); see also Fed. R. Civ. P. 59(e).  Reconsideration is limited to the following circumstances:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  Pepper v. Covington Specialty Ins. Co., No. 1:16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017).  A party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).  Finally, whether to grant a motion for reconsideration is a decision that "is committed to the sound discretion of the district judge."  Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alock, 993 F.2d 800, 806 (11th Cir. 1993)).

The Motion for Reconsideration takes issue with the Court's July 29, 2022 Order. The Motion was filed on September 21, 2022, well after the twenty-eight-day deadline to seek reconsideration of the Court's order. As such, the Court denies the Motion as untimely. Even if the Motion for Reconsideration were timely filed, it would still be subject to denial. The Motion does not contain any grounds to warrant the "extraordinary remedy" of reconsideration. Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). For these reasons, the Court therefore denies the Motion for Reconsideration.

## CONCLUSION

Appellee's Motion for Attorney's Fees and Costs [Doc. 25] is **GRANTED**. Appellant is **HEREBY ORDERED** to pay Appellee $6,750 in attorney's fees and costs. Appellant's Motion for Reconsideration of Final Order and Attorney's Fees [Doc. 36] is **DENIED**.

**SO ORDERED** this 2nd day of December, 2022.

J. P. BOULEE
United States District Judge